**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SUNTRUST BANK,

           Plaintiff,

-vs-                                                      Case No.  2:10-cv-666-FtM-36SPC

KYLE LEIGH SHELTON, also known as KYLE L.
SHELTON, also  known as, KYLE SHELTON,
LORI CHAMNESS, also known as LORI R.
CHAMNESS,

           Defendants.

_____

**<u>ORDER</u>**

      This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Against Defendant Lori Chamness a/k/a Lori R. Chamness (Doc. #15) filed on April 11, 2011.  The Plaintiff moves for an entry of clerk's default and states that service was effectuated on November 4, 2010, personally on Defendant Lori Chamness at her residence.  The Plaintiff filed the Return of Service (Doc. # 12) on March 30, 2011.  The Return of Service shows that Lori Chamness, was personally served with process at 400 Misty Pines Circle, Apt. 202, Naples, Florida 34105, on November 4, 2010.

      The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).  The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070.  Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person

to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076, *1 (M.D. Fla. Aug. 7, 2007).

In this case, the Summons and Complaint was personally served on Defendant Lori Chamness on November 4, 2010. This was proper under Florida law. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendant. Therefore, the entry of clerk's default is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default Against Defendant Lori Chamness a/k/a Lori R. Chamness (Doc. #15) is **GRANTED**. The Clerk of Court is directed to enter clerk's default against Defendant Lori Chamness, a/k/a Lori R. Chamness **ONLY**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of April, 2011.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record